R. G. Coutts v. The District Court of Iowa in and for Poweshiek County, Hon. K. E. Willcockson, the Judge of said Court, and C. E. Brooks.

**Practice:** CONTINUANCE: JURISDICTION: REVIEW. The pendency of a suit before the court confers jurisdiction to grant a continuance and to make an order as to costs, both under the statute and independently thereof; but even if the court erred in granting a continuance and entering an order as to costs, the party aggrieved has a complete and adequate remedy by appeal and can not bring *certiorari* to review such orders of the court.

**Contempt:** REVIEW. *Certiorari* is the only remedy provided by statute for reviewing contempt proceedings.

**Same:** FAILURE TO OBEY SUBPOENA. Failure to obey the mandate of a subpoena, without sufficient excuse, which has been personally served by reading the same to the witness, is punishable as for contempt. But although the statute requires personal service by reading the subpoena to the witness, still the reading may be waived, and when expressly waived due service in that respect is sufficient to authorize punishment for contempt for failure to appear.

**Same.** Where the person serving a subpoena has power to do so, regardless of his official character, the question of whether his return should have been verified goes to the admissibility of the return in evidence, and will not affect the guilt of a witness failing to obey the subpoena; and this is especially true where the person serving the subpoena testified to the truth of his unverified return.

**Same:** OFFICIAL KNOWLEDGE OF OFFENSE. Unless a contempt is committed in the presence of the court or comes officially to its knowledge, an affidavit showing the nature of the offense is necessary; but the presentation of a subpoena with the return thereon, although irregular in form, and failure of the witness to appear, is sufficient basis for the court to proceed against the witness for contempt.

*Certiorari from Poweshiek District Court.*—HON. K. E. WILLCOCKSON, *Judge.*

FRIDAY, NOVEMBER 18, 1910.

PROCEEDINGS in certiorari to test the validity of certain orders of the District Court, the defendant judge presiding. The first order attacked was an order of continuance at the petitioner's cost in the case of *Brooks v. Incorporated Town of Brooklyn and R. G. Coutts et al.* The same petition attacks also a certain other order of the same court, the same judge presiding, in the *State of Iowa v. R. G. Coutts,* a contempt proceeding whereby the defendant, Coutts, was adjudged guilty of contempt for failure to obey a subpœna, and whereby he was adjudged to pay a fine of $25 and costs.—*Affirmed.*

*W. R. Lewis,* for petitioner.

*U. M. Reed,* for defendant Brooks.

*H. E. Boyd,* for defendants Court and Judge.

EVANS, J.—The petitioner, R. G. Coutts, was a party

defendant in the case of *Brooks v. Incorporated Town of Brooklyn et al.*, pending in the district court of Poweshiek County. The plaintiff in that case, desiring to use Coutts as a witness, caused a subpœna for him to issue, and placed the same in the hands of an officer for service. Whether such subpœna was legally served upon him is one of the questions upon which the petitioner makes issue. The petitioner did not obey the subpœna. The court bailiff, who was also a constable, made a purported service of the subpœna and made a return thereon showing a complete and legal service thereof. Coutts having failed to appear as a witness at the time of the trial, the plaintiff elected to take a continuance at his cost under the provisions of section 4667, and the trial court entered an order of continuance and a judgment for costs against Coutts taxed at $42.90. Thereupon a case was docketed against him wherein he was charged with contempt of court for refusing to obey such subpœna, and such proceeding came on for trial some weeks later. After a full hearing, the trial court adjudged the petitioner to be in contempt and imposed a fine upon him of $25 and costs. Both orders are assailed and submitted to us for a review upon the same record. The only evidence in the record is such as was introduced in the contempt proceeding. Upon the trial of the contempt proceeding, a question was raised as to the official character of Hunting, the bailiff, who purported to serve the subpœna. The importance of this question consisted in the fact that he had not verified his return of service. Thereupon at such trial Hunting was used as a witness by the state and testified in support of the facts stated in his return. His testimony, in substance, was that he told Coutts he had a subpœna for him; that he took out of his pocket and held in his hand, in the presence of Coutts, the original subpœna and two copies; that he handed one copy to Coutts and asked if he should read the original; and that Coutts said it was unnecessary. Taking this testi-

mony as true, it was a perfect service. Coutts as a witness contradicted this testimony only to the extent that he claimed that Hunting offered to read to him the copy and not the original. This alleged technical defect in the manner of service and the failure of the bailiff to verify his return on the back of the original subpœna furnished the ground of attack upon which the petitioner bases his claim of the invalidity of the orders of the court.

I. Turning first to the order of continuance and the judgment for costs, it is further urged in support of the attack thereon that no written motion and no affidavit was filed for such continuance, and that there was no legal evidence before the court to justify the order entered. It is sufficient to say at this point that no record was preserved of the facts or evidence presented to the court in support of the plaintiff's request for a continuance. And, if there were, we do not think a writ of certiorari is available to the petitioner to test the validity of such order. The pendency of the case before the court conferred undoubted jurisdiction upon it to grant a continuance and to make a proper order as to costs. This power existed quite independent of section 4667. If the court erred in such order, Coutts, being a party defendant, had a complete and adequate remedy by appeal. If he lacked a formal record of the evidence under which the court acted, he was in no worse condition for the purpose of an appeal than he is for the purpose of a writ of certiorari. Moreover, it was within his power to have had a record made during the term and to have the same incorporated in a bill of exceptions available to him for the purpose of an appeal. No attempt was made along this line, nor was any attempt made in any way to assail the validity of the return of the bailiff upon the subpœna, nor was any question raised as to the truth of such return. We are satisfied, therefore, that there

<span>1. PRACTICE: continuance: jurisdiction: review.</span>

was no invalidity nor illegality in the action of the court, and this is so even though it were technically erroneous.

II.   Turning to the other branch of the case, a somewhat different question is presented.   The proceeding being for an alleged contempt of court, a writ of certiorari is the only method of review provided by the statute.

*2. Contempt: review.*

The sections of the statute involved are as follows:

Sec. 4664.   For a failure to obey a valid subpœna without a sufficient cause or excuse . . . the delinquent is guilty of a contempt of court and subject to be proceeded against by attachment.

Sec. 4665.   Before a witness is so liable for a contempt for not appearing, he must be served personally with the process, by reading it to him, and leaving a copy thereof with him, if demanded.

It is urged by the appellant petitioner that he is not liable for contempt under these sections of the statute, because the subpœna was not actually read to him.   Taking the testimony of Hunting as true, as the trial court had a right to do, the subpœna was shown to him and offered to be read by the party serving it.   It was not read to him only because he himself expressly waived the reading.   Did such waiver on his part relieve him from the duty to obey the subpœna?   We can not think so.   It would be trifling with the law to say that a person can waive some formality involved in the serving of a subpœna, and by reason of such waiver be absolved from all duty to obey the same.   It was the right of the petitioner to have such subpœna read to him before he could be required to obey it.   But he was not bound to insist upon such formal right.   He had as much right to waive the formality as he had to insist upon it.   Doubtless, if he did neither, nothing short of a reading would constitute a good service. But he did expressly waive it.   Such waiver is necessarily

*3. Same: failure to obey subpœna.*

conclusive upon him at that point, unless it be true that he had no power of waiver at all. If the service as made was sufficient to impose upon him the duty to obey, it necessarily follows that his refusal to obey was a contempt of court.

Much of the argument in behalf of the petitioner is directed to the want of official character of the bailiff, Hunting, and, therefore, to the invalidity of the unverified return. This was purely a question of evidence. Hunting had power to serve the subpœna regardless of his official character. Whether his return on the subpœna should have been verified or not bore only upon the admissibility of such return in evidence. The guilt of the petitioner was not made to depend upon the sufficiency of such return. If guilty, his guilt existed quite independent of the fact of such return. Whether such return was sufficient, and was admissible in evidence as such, has become quite immaterial because Hunting was used as a witness and testified to the truth of the facts as recited in the return. This leaves no ground of complaint to the petitioner as to the competency of the proof by which his guilt was established.

4. SAME.

III. The invalidity of the contempt proceedings is urged upon the further ground that the provisions of section 4464 were not complied with, in that the proceeding was not based upon an affidavit showing the nature of the transaction. Section 4464 is as follows: "Unless the contempt is committed in the immediate view and presence of the court, or comes officially to its knowledge, an affidavit showing the nature of the transaction is necessary as a basis for further action in the premises." We think that the presentation of the subpœna with the return thereon, even though irregular in form, and the failure of the witness to appear, was a sufficient basis for the proceeding as for a contempt coming

5. SAME: official knowledge of offense.

officially to the knowledge of the court; the failure of the witness to appear being necessarily manifest.

We find no proper ground of interference with the order complained of.

The petition for the writ must therefore be dismissed. —*Affirmed.*